# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEBRA NAGAST,<br>CDCR #N-79217,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>HOUSE OF METAMORPHOSIS, et al.,<br><br>　　　　　　　　　　　Defendants. | Civil No.　10-1036 JAH (POR)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**[Doc. No. 2]** |

Kebra Nagast, ("Plaintiff"), currently incarcerated at California Rehabilitation Center ("CRC") in Norco, California, and proceeding pro se, has submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983. Plaintiff claims his constitutional rights were violated at a San Diego drug and alcohol rehabilitation and recovery facility where he was housed as a condition of his parole from May through October 2009. (Compl. at 2-6, 10-15.) Plaintiff seeks injunctive relief as well as compensatory and punitive damages. (*Id.* at 17.)

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

///

## I.

## **MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "Under the PLRA, all prisoners who file IFP civil actions must pay the full amount of the filing fee," regardless of whether the action is ultimately dismissed for any reason. *See Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1) & (2)). "[T]he PLRA fee filing requirements pass constitutional muster." *Id.* at 848.

In order to comply with the PLRA, prisoners seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint...." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed a Motion to Proceed IFP in this matter pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his prison trust account statement for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly mandates that prisoners "seeking to bring a

///

1  civil action ...without prepayment of fees ... *shall* submit a certified copy of the trust fund
2  account statement (or institutional equivalent) ... for the 6-month period immediately preceding
3  the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

4      Without Plaintiff's trust account statement, the Court is simply unable to assess the
5  appropriate amount of the filing fee required to initiate this action. *See* 28 U.S.C. § 1915(b)(1).

6      Therefore, Plaintiff's Motion to Proceed IFP must be DENIED.

## II.

### CONCLUSION AND ORDER

9      For the reasons set forth above, **IT IS ORDERED** that:

10      (1)    Plaintiff's Motion to Proceed IFP [Doc. No. 2] is **DENIED**.

11      (2)    This action is **DISMISSED** without prejudice for failure to prepay the $350 filing
12  fee mandated by 28 U.S.C. § 1914(a), and for failure to successfully move to proceed IFP
13  pursuant to 28 U.S.C. § 1915(a).

14      (3)    Plaintiff if **GRANTED** forty five (45) days from the date this Order is Filed to
15  either: (1) pay the entire $350 filing fee, **or** (2) file a new Motion to Proceed IFP, *which*
16  *includes a certified copy of his trust account statement for the 6-month period preceding the*
17  *filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).[1]

18  / / /
19  / / /
20  / / /
21  / / /
22  / / /

---

[1] Plaintiff is cautioned that if he chooses to proceed further with this action either by paying the full civil filing fee required by 28 U.S.C. § 1914(a), or sufficiently moving to proceed IFP, his Complaint will be screened and may be dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b) regardless of fee status or payment. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *see also Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (discussing sua sponte screening required by 28 U.S.C.§ 1915A(b)). Moreover, such a dismissal may be counted as a "strike" against Plaintiff if he requests IFP status in any future civil action filed while he is incarcerated. *See Andrews*, 493 F.3d at 1052 (under the Prison Litigation Reform Act, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").

1     **IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with a
2  Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this
3  matter. If Plaintiff neither pays the $350 filing fee in full nor sufficiently completes and files the
4  attached Motion to Proceed IFP, together with a certified copy of his prison trust account
5  statement within 45 days, this action shall remained closed without further Order of the Court.

7  DATED: May 27, 2010            _____
                                    HON. JOHN A. HOUSTON
8                                   United States District Judge