# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEBRA NAGAST,<br>CDCR #N-79217,<br><br>            Plaintiff,<br><br>vs.<br><br>HOUSE OF METAMORPHOSIS, et al.,<br><br>            Defendants. | Civil No.   10-1036 JAH (POR)<br><br>**1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, [Doc. No. 4];**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A** |

Kebra Nagast, ("Plaintiff"), currently incarcerated at California Rehabilitation Center ("CRC") in Norco, California, and proceeding pro se, has submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983.  Plaintiff claims his constitutional rights were violated at a San Diego drug and alcohol rehabilitation and recovery facility.  (Compl. at 2-6, 10-15.)  Plaintiff seeks injunctive relief as well as compensatory and punitive damages.  (*Id.* at 17.)

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4].

/ / /

# I.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. Plaintiff's trust account statement shows he has insufficient funds with which to pay any initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay [an] initial partial filing

1  fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve"
2  preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack
3  of funds available.").

4      Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP [Doc. No. 4], and
5  assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350
6  balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court
7  pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

10      The PLRA also obligates the Court to review complaints filed by all persons proceeding
11  IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused
12  of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or
13  conditions of parole, probation, pretrial release, or diversionary program," "as soon as
14  practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these
15  provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof,
16  which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who
17  are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-
18  27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000)
19  (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing
20  § 1915A).

21      "[W]hen determining whether a complaint states a claim, a court must accept as true all
22  allegations of material fact and must construe those facts in the light most favorable to the
23  plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)
24  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's
25  duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,
26  839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases."  *Ferdik v.*
27  *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  However, in giving liberal interpretation to a
28  pro se civil rights complaint, the court may not "supply essential elements of claims that were

not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### A.    Private Parties

Here, Plaintiff fails to allege any act on the part of Defendants House of Metamorphosis, Beverly Monroe or Roz Williams which were taken "under color of state law." *See* 42 U.S.C. § 1983, 28 U.S.C. § 1915(e)(2)(B)(ii). Private parties do not generally act under color of state law; thus, "purely private conduct, no matter how wrongful, is not within the protective orbit of section 1983." *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974); *see also Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). While a plaintiff may seek to hold a private actor liable under section 1983, he must allege facts that show some "state involvement which directly or indirectly promoted the challenged conduct." *Ouzts*, 505 F.2d at 553; *West v. Atkins*, 457 U.S. 42, 49, 54 (1988); *Johnson v. Knowles*, 113 F.3d 1114, 1118-1120 (9th Cir. 1997). In other words, Plaintiff must show that the private actor's conduct is "fairly attributable" to the government. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *see also Vincent v. Trend Western Technical Corp.*, 828 F.2d 563, 567 (9th Cir. 1987).

Here, Plaintiff's Complaint fails to allege facts sufficient to show that these Defendants acted on behalf of, or in any way attributable to, the state. Thus, without more, Plaintiff's allegations against these Defendants fail to satisfy the first prong of a § 1983 claim. *See Haygood*, 769 F.2d at 1354.

/ / /

/ / /

**B.     Heck Bar**

In his Complaint, Plaintiff alleges that his rights were violated when he was falsely arrested and subjected to an "illegal search" by his parole agent. (*See* Compl. at 4-6.)  It appears that Plaintiff's parole was then revoked which led to his current incarceration. (*Id.* at 6.)  These claims amount to an attack on the constitutional validity of Plaintiff's parole revocation, and as such, may not be maintained pursuant to 42 U.S.C. § 1983 unless and until he can show that his parole revocation has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

"In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc).  A prisoner in state custody simply may not use a § 1983 civil rights action to challenge the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).  The prisoner must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (*quoting Preiser*, 411 U.S. at 489).  Thus, Plaintiff's § 1983 action "is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 82.

In this case, Plaintiff's claims "necessarily imply the invalidity" of his parole revocation and subsequent incarceration. *Heck*, 512 U.S. at 487.  In creating the favorable termination rule in *Heck*, the Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 511 U.S. at 486.  This is precisely what Plaintiff attempts to accomplish here.  Therefore, to satisfy *Heck's* "favorable termination" rule, Plaintiff must first allege facts which show that the parole revocation which forms the basis of his § 1983 Complaint has already been:  (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487 (emphasis added); *see also Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th

Cir. 1997). Plaintiff's Complaint alleges no facts sufficient to satisfy *Heck*. Thus, a suit for money damages based on his parole revocation is not yet cognizable. Accordingly, because Plaintiff seeks damages for allegedly unconstitutional criminal proceedings, and because he has not shown that his parole revocation has been invalidated, either by way of direct appeal, state habeas or pursuant to 28 U.S.C. § 2254, a section 1983 claim for damages cannot be maintained, *see Heck*, 512 U.S. at 489-90, and his Complaint must be dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (finding that an action barred by *Heck* has not yet accrued and thus, must be dismissed without prejudice so that the plaintiff may reassert his § 1983 claims if he ever succeeds in invalidating the underlying conviction or sentence); *accord Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997).

### III.

#### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A. However, Plaintiff is **GRANTED** forty five (45) days leave from

1 the date this Order is filed in which to file a First Amended Complaint which cures all the
2 deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself
3 without reference to the superseded pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not
4 named and all claims not re-alleged in the Amended Complaint will be considered waived. *See*
5 *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint
6 fails to state a claim upon which relief may be granted, it may be dismissed without further
7 leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See*
8 *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

9     5. The Clerk of Court is directed to mail a court approved § 1983 form complaint to
10 Plaintiff.

12 DATED: July 14, 2010

13 HON. JOHN A. HOUSTON
United States District Judge