# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEBRA NAGAST,<br>CDCR #N-79217,<br><br>                    Plaintiff,<br><br>vs.<br><br>HOUSE OF METAMORPHOSIS, et al.,<br><br>                    Defendants. | Civil No.   10-1036 JAH (POR)<br><br>**ORDER SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING<br>TO STATE A CLAIM PURSUANT TO<br>28 U.S.C. §§ 1915(e)(2) & 1915A** |

## I.
### PROCEDURAL HISTORY

On May 12, 2010, Kebra Nagast, ("Plaintiff"), currently incarcerated at California Rehabilitation Center ("CRC") in Norco, California, and proceeding pro se, submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983.  Plaintiff claimed his constitutional rights were violated at a San Diego drug and alcohol rehabilitation and recovery facility.  (Compl. at 2-6, 10-15.)  Plaintiff sought injunctive relief as well as compensatory and punitive damages.  (*Id.* at 17.)

In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4]. On July 14, 2010, the Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A. *See* July 14, 2010 Order at 7. The Court permitted Plaintiff leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* On October 15, 2010, Plaintiff filed his First Amended Complaint ("FAC").

## II.
### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in the previous Orders, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, in giving liberal interpretation to a pro se civil rights complaint, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th

Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### A.   Sixth Amendment claims

Plaintiff claims that his Sixth Amendment rights were violated when Defendants denied Plaintiff "meaningful access to the federal court." (FAC at 10.) The Sixth Amendment, by its express language, "does not attach until a prosecution is commenced." *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991). Here, Plaintiff does not allege that he was subject to any criminal proceedings while he was housed at the House of Metamorphosis. Accordingly, Plaintiff's Sixth Amendment claims are dismissed for failing to state a claim upon which § 1983 relief may be granted.

### B.   Equal Protection claims

In addition, Plaintiff alleges that Defendants violated his right to equal protection under the laws. (FAC at 10.) The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.* 473 U.S. 432, 439 (1985). In order to state a claim under § 1983 alleging violations of the equal protection clause of the Fourteenth Amendment, Plaintiff must allege facts which demonstrate that he is a member of a protected class. *See Harris v. McRae*, 448 U.S. 297, 323 (1980) (indigents); *see also City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440-41 (1985) (listing suspect classes). In this matter, Plaintiff has neither sufficiently plead that he is a member of a suspect class nor has he plead adequate facts to demonstrate that Defendants acted with an intent or purpose to discriminate against him based

upon his membership in a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999).

Thus, the Court finds that Plaintiff's allegations are insufficient to prove invidious discriminatory intent. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265 (1977). Plaintiff's Fourteenth Amendment equal protection claims are dismissed for failing to state a claim upon which § 1983 relief can be granted.

## III.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A. However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

2. The Clerk of Court is directed to mail a court approved § 1983 form complaint to Plaintiff.

DATED: November 29, 2010

HON. JOHN A. HOUSTON
United States District Judge